UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PSARA ENERGY, LTD.** | CIVIL ACTION |
| **VERSUS** | NUMBER: 18-04111 |
| **SPACE SHIPPING, LTD.; GEDEN HOLDINGS LTD.; ADVANTAGE START SHIPPING, LLC; GENEL DENIZCILIK NAKLIYATI A.S. A/K/A GEDEN LINES; ADVANTAGE TANKERS, LLC; ADVANTAGE HOLDINGS, LLC; FORWARD HOLDINGS, LLC; MEHMET EMIN KARAMEHMET; GULSUN NAZLI KARAMEHMET – WILLIAMS; and TUĞRUL TOKGÖZ** | SECTION "B" (2) <br><br> JUDGE LEMELLE <br><br> MAGISTRATE WILKINSON |

**DEFENDANT ADVANTAGE START SHIPPING, LLC'S MEMORANDUM OF LAW ON THE TRANSFER OF A MARITIME ATTACHMENT PURSUANT TO 28 U.S.C. § 1404(A)**

MAY IT PLEASE THE COURT:

The following Memorandum is submitted on behalf of Advantage Start Shipping, LLC ("Advantage Start"), with full reservation of rights and subject to its Restricted Appearance pursuant to Rule E(8), in response to the Court's request that the parties submit memoranda on the propriety of transferring this action to the Eastern District of Texas.

### I.  Introduction

This case is one of many lawsuits filed arising out of the charter of the M/T CV STEALTH. During this latest round of litigation, Plaintiff has filed

substantively identical claims in this action and in the Beaumont Division of the Eastern District of Texas (1:18-cv-00178-MAC-ZJH).[1] Specifically, on April 20, 2018, Plaintiff filed identical claims for a Rule B attachment of the MT ADVANTAGE ARROW in the Eastern District of Texas and a Rule B attachment of the ADVANTAGE START in the instant case.

On April 30, 2018, Magistrate Judge Hawthorn in the Eastern District of Texas held a hearing on the Advantage Defendants' Motion to Vacate the attachment of the ADVANTAGE ARROW, in which the parties presented detailed evidence and argument concerning not only the issues pertaining to the Advantage Defendants' motion to vacate, but also substantive arguments regarding the merits of Plaintiff's claims. On May 4, 2018, Judge Hawthorn issued an order (1:18-cv-00178-MAC-ZJH; Doc. 18) setting the substitute security for the release of ADVANTAGE ARROW at $4,000,000, while reserving his ruling on Defendant's Motion to Vacate for a later time. *Id.* The Advantage Defendants' Motion to Vacate remains under advisement with Magistrate Judge Hawthorn.

On May 11, 2018, once the Advantage Defendants had posted a surety bond in the amount $4,000,000 in the Eastern District of Texas, the ADVANTAGE ARROW was released. On the same day, the registered owner

---

[1] The only differences between the actions are the two vessels that were attached, and the identity of the owners of those two vessels.

of the ADVANTAGE START filed a Motion to Vacate the attachment of that vessel in this Court. (Doc 9, and Doc- 9-2). The parties submitted additional evidence to this Court, which held hearings on the 15th and 16th of May, 2018. At the hearings, the parties raised the issue of transferring and/or consolidating this action with the action pending in the Eastern District of Texas. The Court made its Order directing the release of the ADVANTAGE START upon the Advantage Defendants' posting of additional security in the amount of $800,000, and directed the parties to submit memoranda regarding the propriety of transferring this action to the Eastern District of Texas.

## II.    Rule B Transfers Pursuant to § 1404(a)

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice," a court may transfer a civil action to any district where the action "might have originally been brought." 28 U.S.C. § 1404(a). In transfer cases involving Rule B attachments, courts favor the transfer and consolidation of cases where a plaintiff has asserted identical claims in multiple jurisdictions. *Continental Grain Co. v. Barge*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [§ 1404(a)] was designed to prevent."). Additionally, federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and

equal rank—to exercise care to avoid interference with each other's affairs. *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728 (5th Cir. 1985). The primary concern is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result. *Id.* at 729.

In *Continental Grain,* the United States Supreme Court stated that "[t]he idea behind [§ 1404(a)] is that where a 'civil action' . . . presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." *Id.* The facts of *Continental Grain* are straightforward. Continental Grain partially loaded a barge in Memphis, Tennessee. The barge sank, damaging the barge and the soybeans loaded on it by Continental Grain. The barge owner, Federal Barge Lines, sued Continental Grain in Tennessee state court. Continental Grain then sued Federal Barge Lines in federal district court in New Orleans, based on the New Orleans federal court's *in rem* jurisdiction over the vessel. After the Tennessee state court action was removed to the federal district court in Memphis, Federal Barge Lines moved to transfer the New Orleans action to the Memphis District Court. The New Orleans District Court granted the motion, holding that the efficient

administration of justice requires that the claims originating from the same nucleus of facts be tried by the same court. *Id.* at 21.

On appeal, the Supreme Court upheld the Fifth Circuit's approval of the New Orleans District Court's transfer of the action to the Memphis District Court, specifically acknowledging the strong policy under Section 1404(a) in favor of judicial efficiency, especially in admiralty cases, to allow cases arising out of a single set of operative facts to be tried in one court. *Id.* at 26.

Since *Continental Grain*, courts have routinely transferred and/or consolidated cases where a plaintiff, alleging identical allegations, has secured a Rule B attachment in a district other than where it initially brought suit. *See, e.g., Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.,* 769 F. Supp. 208, 209-10 (E.D. La. 1991) (transferee judge's familiarity with the facts and circumstances surrounding the incident supported a finding that the transfer was warranted in the interests of justice); *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000) (finding that avoiding duplicative litigation in different federal courts was a significant factor in considering transferring Rule B attachment to another district).

While courts have also strongly considered the convenience of potential witnesses, that factor is not relevant to the instant case because none of the witnesses have any connection to either district. In fact, any witness likely to

be called to testify in either proceeding would likely have to fly through Houston.

The Fifth Circuit also recognizes and applies the comity principles that underlie the first-filed rule *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 730 (5th Cir. 1985). Therefore, with respect to the convenience of the parties, although it is difficult to ascertain exactly which proceeding was "first filed" (the filed stamp used by the district court clerk only indicates the date of filing, and both actions were filed on the same day), because the ADVANTAGE ARROW proceedings have progressed further on the adequacy of the pleadings and the merits of Plaintiff's allegations, it would be inconvenient and costly, and would create the potential for inconsistent results, if the parties were required to litigate those same issues in both actions. As such, the comity and efficiency principles underlying the first-filed rule support the transfer of this action to the Eastern District of Texas.

The factual allegations, the legal theories, and the elements of damages being claimed in the instant action are identical to those in the Eastern District of Texas. Judicial economy and the interests of justice would best be served by having those issues before one court, rather than two. Moreover, to avoid inconsistent results, all of the issues should be decided in one proceeding.

Because the applicable case law indicates a transfer of this matter is warranted, and the parties agree that such a transfer would be appropriate, the issue of a possible stay of this action is moot. Further, a stay would merely postpone for another day the possibility of duplication of effort, inconsistent results, and piecemeal resolution of the claims.

For these reasons, Defendant respectfully requests the Court find that the convenience of the parties and the interest of justice require that this civil action be transferred pursuant to Section 1404(a) to the Beaumont Division of the Eastern District of Texas.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: *s/ Kevin J. LaVie*
KEVIN J. LAVIE, T.A. (#14125)
BRIAN WALLACE (#17191)
Canal Place - Suite 2000
365 Canal Street
New Orleans, LA 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
kevin.lavie@phelps.com
brian.wallace@phelps.com
Attorneys for Defendant,
    Advantage Start
    Shipping, LLC

## **CERTIFICATE OF SERVICE**

I CERTIFY that on the 1st day of June, 2018, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel who are CM/ECF participants.

*s/ Kevin J. LaVie*
KEVIN J. LAVIE
